Ingraham, J.
I am applied to on behalf of the prisoner to stay proceedings on a writ of error to the sessions, to review the conviction before that court. Fo bill of exceptions has been signed, but the alleged errors are stated in an affidavit of what took place upon the trial.
Upon examining the statute I am satisfied no such stay can be granted until after the bill of exceptions is settled and signed and sealed before the judge before whom the prisoner was tried. The Revised Statutes (vol. 3, p. 1,039, § 26), provides: “If a bill of exceptions shall have been tendered to a court of sessions, and shall have been settled, signed and sealed, and the judge who presided on the trial, or a justice of the supreme court, shall grant a certificate as provided in section 25, judgment shall be stayed on the indictment until decision on the bill of exceptions.” Section 27 provides that no certificate shall be granted by a judge of the supreme court, unless application shall be made to the judge who presided on the trial, and his reasons for refusing the certificate attached to the bill of exceptions. These provisions relate to staying proceedings before judgment is rendered. By section 18, Revised Statutes (vol. 3, p. 1,033), no writ of error shall stay or delay the execution of the judgment or of sentence thereon, unless the same shall be allowed by a justice of the supreme court, with an express direction that the. same is to operate as a stay of proceedings. Such writ is to be filed with the clerk, who is directed, without delay, to make a return containing the indictment, bill of exceptions, and judgment. These provisions relate to the staying of proceedings after judgment, and they contemplate the *283 settling of a bill of exceptions before a stay is granted, inasmuch, as the clerk is directed to return the bill of exceptions with the writ of error, without delay.
It is manifestly improper to stay the proceedings to review such errors as occur on the trial, until it is known by the bill of exceptions whether such errors have been committed. There may be cases where the error appears in the judgment record, and "the bill of exceptions is not required to show that such error existed. In such cases it might be necessary; but where the alleged errors have taken place on the trial, the stay should not be granted without the bill of exceptions.
Motions denied.